IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LESLIE MORGAN WOOD**                                                               **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 4:21-CV-166-SA-DAS**

**COAHOMA COUNTY, MISSISSIPPI**                                     **DEFENDANT**

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL DISCOVERY

On September 8, 2022, Plaintiff Leslie Morgan Wood filed a Motion to Compel Discovery from Defendant Coahoma County, Mississippi. Docket 55. The plaintiff seeks to compel responses to the discovery requests for which the defendant has responded with an objection based on the "Minute Book Rule." *Id*. The defendant responds that despite preserving valid evidentiary objections to these discovery requests, "nothing in [its] possession has been withheld." Docket 59. The defendant classifies the issue now before the court as "an evidentiary objection[,] not a discovery and disclosure issue" and maintains that it has "fully responded to all discovery tendered." *Id*.

On one hand, the plaintiff argues the Coahoma County Board of Supervisors did not approve meeting minutes as required by Mississippi Code Annotated § 19-3-27[1] from May 3, 2021, through October 25, 2021. Because these Board minutes are marked "DRAFT" and were not approved in accordance with § 19-3-27, the plaintiff contends there are no official Minutes, and thus the Minute Book Rule is inapplicable. Additionally, the plaintiff argues the "Minute Book Rule" is a state law

---

[1] Section 19-3-27 provides:
> It shall be the duty of the clerk of the board of supervisors to keep and preserve a complete and correct record of all the proceedings and orders of the board. […] The minutes of each day's proceedings shall either (a) be read and signed by the president or the vice president, if the president is absent or disabled so as to prevent his signing of the minutes, on or before the first Monday of the month following the day of adjournment of any term of the board of supervisors; or (b) be adopted and approved by the board of supervisors as the first order of business on the first day of the next monthly meeting of the board.

privilege that is inapplicable in federal question cases in federal court. The defendant responds that it speaks through its minutes and is entitled to maintain the evidentiary objection it has asserted on that basis. The plaintiff specifically seeks to compel responses that do not contain objections based on the Minute Book Rule to Interrogatory No. 5 and Requests for Admission No. 8, 9, 10, and 11.[2]

As a preliminary matter, the validity of the defendant's "Minute Book Rule" objection is an evidentiary issue that the court will not address in this order. While the court will not require the defendant to withdraw its objections, it will consider the substance of its responses to these discovery requests.

The defendant's response to Interrogatory No. 5 relies on the Minute Book Rule, but substantively addresses "the reasons Plaintiff Leslie Morgan Wood was separated from her employment as County Administrator of Coahoma County, Mississippi" as requested. *See* Docket 55 at 2-11, reproducing the defendant's original and supplemental responses in full. The defendant's response to Interrogatory No. 5 discusses the anticipated testimony of each of the members of the Board of Supervisors related to the plaintiff's employment and identifies several other individuals with relevant information. *Id*. The court will not compel the defendant to withdraw its objection and further finds the defendant's response to Interrogatory No. 5 is sufficient.

Request for Admission No. 8 asks the defendant to "admit that at the April 20, 2021 Meeting of the Board of Supervisors of Coahoma County, Mississippi, Defendant Coahoma County discussed suspensions of George Hines and Tracy Vance." Insofar as the April 20, 2021 minutes speak to the requested information,[3] the court will allow the objection to stand.

However, Requests for Admission Nos. 9 and 10 do not reference a specific board meeting.

---

[2] The defendant's responses to each of these discovery requests state, at a minimum, "[o]bjection, the minutes speak for themselves." *See* Docket 55 at 2, 11-12.

[3] A copy of the April 2, 2021 minutes was not submitted with the plaintiff's motion.

Request No. 9 asks the defendant to "admit the Board of Supervisors reversed the suspension of George Hines," and Request No. 10 states "admit the Board of Supervisors reversed the suspension of Tracy Vance." To the extent the defendant intends to rely on meeting minutes for its responses to these requests, it must supplement its answers with a reference to the applicable minutes. Otherwise, the defendant is ordered to supplement its response with a substantive answer.

> Request for Admission No. 11 states:
>
> Please admit that on May 3, 2021, at the Meeting of the Board of Supervisors of Coahoma County, Mississippi, Plaintiff's employment was terminated by a vote of the three Black Supervisors', Derrell Washington's, Johnny Newson's, and Roosevelt Lee's, "aye" and two Caucasian Supervisors', Paul Pearson's and Pat Davis's, "nay."

Docket 55 at 11. The defendant's response includes an email to plaintiff's counsel in which defendant's counsel states "*I agree that the minutes of the termination in May of 2021 do not list the votes*" but "[o]ur understanding of [the Board members'] anticipated testimony concerning Morgan's termination, as verified by attorney interview, is reflected in our answer to Interrogatory No. 5 … that is a 3/2 vote with the 3 Black Supervisors (Washington/Newson/Lee) voting yes and 2 White Supervisors (Pearson/Davis) voting no." Docket 58-2. The email references the defendant's response to Interrogatory No. 5 where "the reasoning of each [vote] is listed in great detail." *Id*.

The plaintiff's reply acknowledges that counsel for defendant provided this information in an email but argues that "is no substitute for discovery responses and does not contain the information sought in the written discovery, which Coahoma County did not answer in any way whatsoever." Docket 61 at 1.

While the court will not require the defendant to withdraw its objection, it will compel the defendant to provide a complete answer to Request for Admission No. 11, consistent with the information provided in counsel's email to the plaintiff. To the extent "the minutes of the termination in May 2021 do not list the votes," as counsel stated, the current response is insufficient.

Accordingly, the defendant is **ORDERED** to supplement its responses as directed herein no later than October 7, 2022. Contemporaneously with its reply brief, the plaintiff filed a Motion for Protective Order to postpone her deposition – noticed for October 12, 2022 – until the instant motion to compel is decided. Docket 62. Having ordered the defendant to supplement its responses no later than October 7, 2021, the request for a protective order is denied.

**SO ORDERED**, this the 28th day of September, 2022.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE